**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SELETHA B. ALLEN**                                       **CIVIL ACTION NO.**

**VERSUS**

                                                          **20-778-BAJ-EWD**

**MANUFACTURERS ALLEGIANCE
INSURANCE COMPANY,
ET AL.**

**NOTICE AND ORDER**

This is a civil action involving claims for damages by Seletha B. Allen ("Plaintiff") based upon the injuries she allegedly sustained on September 14, 2019 while travelling on Interstate 12 in Louisiana (the "Accident"). Plaintiff alleges that the multi-vehicle accident was caused by Defendant Ray Carroll ("Carroll"), who was operating his vehicle while in the course and scope of his employment with Defendant Colonial Logistics, LLC ("Colonial"), and was insured by Defendant Manufacturers' Allegiance Insurance Company ("Manufacturers'") (collectively, "Defendants").[1] On September 1, 2020, Plaintiff filed her Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] Plaintiff claims that she suffered personal injuries as a result of the Accident, caused by the negligence of Carroll, for which Colonial is vicariously liable.[3] On November 17, 2020, the matter was removed by Carroll to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.[4] However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

---

[1] R. Doc. 1-9, pp. 1-3, ¶¶ 3-6, 9.
[2] R. Doc. 1-9, pp. 1-4.
[3] R. Doc. 1-9, p. 2, ¶¶ 7-8.
[4] R. Doc. 1, introductory paragraph and ¶ 24. Colonial and Manufacturers consent to removal. R. Doc. 1-6; R. Doc. 1, ¶ 23.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Plaintiff is domiciled in Louisiana; Carroll is domiciled in Arizona; Colonial is a limited liability company whose three members are domiciled in Texas; and Manufacturers' is a Pennsylvania corporation with its principal place of business in Pennsylvania;[5] therefore, complete diversity of citizenship appears to exist.

However, it is not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[6] The Petition only generally alleges that Plaintiff suffered injuries to her back, neck, knee and shoulder.[7] Plaintiff seeks past, present, and future: physical pain and suffering; mental and emotional pain, anguish, and distress; medical expenses; loss of income and impairment of earning capacity; loss of enjoyment of life; and other damages to be shown at trial.[8]

In the Notice of Removal, Carroll relies on the above-referenced allegations of damages in the Petition,[9] and also alleges the following:

> 9. A lumbar spine MRI performed at Bluebonnet Imaging July 10, 2020 demonstrated a L4-5 disc herniation with posterior displacement of the L5 nerve root and left L5-S1 facet joint hypertrophy (enlargement) with foraminal narrowing.[10]

---

[5] R. Doc. 1, ¶¶ 16-18, 20-22. Carroll has introduced an affidavit, whereby he attests that he resided in Louisiana at the time of the Accident but his current domicile is in Arizona, and was in Arizona at the time the Petition was filed. R. Doc. 1-3.
[6] *See* 28 U.S.C. §1332(a).
[7] R. Doc. 1-9, p. 3, ¶ 10.
[8] R. Doc. 1-9, p. 3, ¶ 11.
[9] R. Doc. 1, ¶¶ 8, 10-14.
[10] R. Doc. 1-9, p. 3, ¶ 9.

The information is not sufficient to meet Carroll's burden of establishing that Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's demands for general categories of damages in the Petition (and echoed in the Notice of Removal) (*e.g.*, past and future pain and suffering, mental anguish, lost wages and medical expenses),[11] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[12]

The description of Plaintiff's actual injuries (*e.g.*, back, neck, shoulder, and knee pain) is also insufficient to indicate whether her damages exceed the jurisdictional amount, as this description does not provide any details as to the alleged injuries. The Notice of Removal indicates that the primary medical issue for Plaintiff is one herniated disc,[13] but one herniated disc with no indication of the treatment provided or recommended, or the amount of medical expenses incurred,

---

[11] R. Doc. 1-9, p. 3, ¶¶ 10-11.
[12] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.
[13] R. Doc. 1-9, p. 3, ¶¶ 9.

does not appear to meet amount in controversy requirements,[14] particularly when there is no surgery recommendation.[15]

As it stands, despite that Carroll is in possession of at least some of Plaintiff's medical records (based on the description in the Notice of Removal), no records, or any other indication of Plaintiff's medical expenses incurred thus far, were provided in support of the amount in controversy. Carroll has also not provided any details regarding the full extent of Plaintiff's medical treatment thus far, whether Plaintiff's injuries are permanent or Plaintiff's prognosis and recommended future treatment, including whether Plaintiff has been recommended for surgery.

---

[14] *See Cole v. Mesilla Valley Transportation,* No. 16-841, 2017 WL 1682561, at *6 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017, noting: "Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal. *See Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc*., No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); []...*Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed)…."

[15] *See Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394-SDD-RLB, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted,* No. 15-394-SDD-RLB, 2016 WL 1337655 (M.D. La. Apr. 1, 2016) ("This court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended." *Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4 n.4 (M.D.La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D.La. July 14, 2011). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See, e.g., Hebert v. Hanco Nat. Ins. Co*., No. 07–362, 2009 WL 255948, at *4–5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000). There is no evidence in the record that Plaintiff's physicians have recommended him to undergo surgery for his herniated or bulging disc(s).")

There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy, nor does the Petition demand a jury trial.[16] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[17]

Accordingly,

**IT IS ORDERED that, on or before December 14, 2020,** Defendant Ray Carroll shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before December 28, 2020,** Plaintiff Seletha Allen shall file either: (1) a Notice stating that Plaintiff does not dispute that Carroll has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, November 30, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] While a jury trial demand by the plaintiff would not be dispositive of the amount in controversy, it would be another piece of information to consider. *See, e.g., Batiste v. Stryker Corp.*, No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), *report and recommendation adopted*, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).

[17] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").